PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialatttorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROY RIOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HANESBRANDS, INC., a Maryland corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  8:19-cv-01140-JLS-KES<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR MONETARY SANCTIONS**<br><br>[Concurrently filed with the Declaration of Scott J. Ferrell; Request for Judicial Notice; and [Proposed] Order]<br><br>Date: August 30, 2019<br>Time: 10:30 a.m.<br>Ctrm: 10A<br><br>Complaint filed:   April 30, 2019<br>Removal Filed:    June 7, 2019 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that August 30, 2019, at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the United States District Court for the Central District of California before the Honorable Josephine L. Staton presiding, Plaintiff Roy Rios ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Orange.

Plaintiff moves to remand on the grounds that the action does not arise under the laws of the United States, the amount in controversy is insufficient to warrant removal on diversity grounds, and the action is not otherwise within the removal jurisdiction of this Court. 28 U.S.C. §§ 1441(b)(1) and 1332 (a). Plaintiff also seeks payment of his attorney's fees in the amount of $6,125, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed supporting declaration of Scott J. Ferrell, the Objections to Evidence, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3 which took place on June 10, 2019 by and between Scott J. Ferrell of Pacific Trial Attorneys, counsel for Plaintiff, and Benjamin R. King, of Loeb & Loeb LLP, counsel for Defendant Hanesbrands, Inc.

Dated: June 14, 2019         PACIFIC TRIAL ATTORNEYS
                             A Professional Corporation


                             By: _/s/Scott J. Ferrell_____
                             Scott J. Ferrell
                             Attorney for Plaintiff

# TABLE OF CONTENTS

I.   INTRODUCTION AND FACTUAL BACKGROUND ........................................ 1

II.  ARGUMENT ............................................................................................. 2

    A.   Applicable Law ............................................................................... 2

    B.   This Action Is Not Properly Removable Under 28 U.S.C. § 1332(a)(1). .... 3

        1.   U.S. Supreme Court Case Authority. ................................................. 3

        2.   Ninth Circuit Authority. ..................................................................... 4

        3.   District Courts In This Circuit Also Follow This Rule Entitling Plaintiff to Limit the Damages, Thereby Defeating Diversity Jurisdiction. ................................................................................... 5

        4.   Treatises Also Make Clear That the Plaintiffs Are the Masters of Their Complaint and May Limit Damages to Defeat Removal. ........ 6

    C.   Defendant Bears the Burden In Overcoming the Presumption That Plaintiff May Disclaim Federal Jurisdiction. ................................... 7

        1.   Defendant's Argument Regarding The Amount of Plaintiff's Statutory Damages Is Speculative and Improper. ............................. 8

        2.   Defendant Fails to Provide Any Evidence of the Cost of Compliance with Plaintiff's Request for Injunctive Relief. .............. 9

III. PLAINTIFF SHOULD BE AWARDED HIS COSTS FOR THIS MOTION. ... 11

IV.  CONCLUSION .............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Balcorta v. Twentieth Century–Fox Film Corp.*,
208 F.3d 1102 (9th Cir. 2000) ................................................................................ 3

*BEM I, L.L.C. v. Anthropologie Inc.*,
301 F.3d 548 (7th Cir. 2002) ................................................................................ 10

*Brealey v. Cox Communications*,
2010 WL 1727854 (S.D. Cal. 2010) ...................................................................... 5

*Brown v. Citibank USA, N.A.*,
No. 2:14-CV-07695-CAS, 2014 WL 5810333 (C.D. Cal. Nov. 7, 2014) ............... 8

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) ................................................................................ 7

*Crum v. Circus Circus Enterprises*,
231 F.3d 1129 (9th Cir. 2000) ................................................................................ 4

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81, 135 S. Ct. 547 (2014) ........................................................................ 3

*Duncan v. Stuetzle*,
76 F.3d 1480 (9th Cir. 1996) .................................................................................. 2

*Ecker v. Ford Motor Co.*,
2002 WL 31654558 (C.D. Cal. 2002) .................................................................... 6

*Forever Living Products U.S. Inc. v. Geyman*,
471 F. Supp. 2d 980 (D. Ariz. 2006) ...................................................................... 5

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ................................................................. 4, 5, 10, 11

*Gunn v. Minton*,
133 S.Ct. 1059 (2013) ............................................................................................ 2

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) ................................................................................ 2

*In re Brand Name Prescription Drugs Antitrust Litig.*,
   123 F.3d 599 (7th Cir. 1997) .......................................................................... 10, 11

*Indianapolis v. Chase Nat'l Bank*,
   314 U.S. 63 (1941) ..................................................................................................... 4

*Lewis v. Verizon Communications, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ................................................................................... 4

*Libhart v. Santa Monica Dairy Co.*,
   592 F.2d 1062 (9th Cir.1979) ......................................................................... 10, 11

*Licea, et al., v. Vita Liberata USA LLC, et al.*,
   2019 WL 2448207 (C.D. Cal., June 12, 2019) ..................................................... 6

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
   479 F.3d 994 (9th Cir. 2007) ................................................................................... 4

*Lussier v. Dollar Tree Stores, Inc.*,
   518 F.3d 1062 (9th Cir. 2008) .............................................................................. 11

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ................................................................................................ 11

*Romsa v. Ikea U.S. W., Inc.*,
   No. CV 14-05552 MMM, 2014 WL 4273265 (C.D. Cal., Aug. 28,
   2014) ........................................................................................................................... 8

*Singer v. State Farm Mut. Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ............................................................................. 4, 5

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588, 133 S. Ct. 1345 (2013) .................................................................... 3

*Stelzer v. CarMax Auto Superstores California, LLC*,
   2013 WL 6795615 (S.D. Cal. 2013) ....................................................................... 5

*Sullivan v. First Affiliated Sec., Inc.*,
   813 F.2d 1368 (9th Cir. 1987) ..................................................................2, 10, 11

**Other State Cases**

*Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*,
   No. CIVDS1504682 (San Ber. Sup. Ct., Mar. 21, 2016) ................................... 9

*Jackson v. Specialized Loan Servicing, LLC*,
  No. CV 14-05981 MMM ............................................................................................... 8

*Rindels v. Tyco Integrated Sec., LLC*,
  No. CV 14-6536 ............................................................................................................ 7

*Thurston v. Midvale Corporation*,
  No. BC663214 (L.A. Sup. Ct., May 21, 2018) ............................................................. 9

**Federal Statutes**

28 U.S.C.
  § 1332(a)(1) ................................................................................................................. 3
  § 1332(c) ..................................................................................................................... 3
  § 1441(b) ..................................................................................................................... 2
  § 1446 ......................................................................................................................... 2
  § 1446(c)(2) ............................................................................................................. 3, 4
  § 1446(c)(2)(B) ........................................................................................................ 2, 9
  § 1447(c) ................................................................................................................ 2, 11

**California Statutes**

Civil Code
  § 51, *et seq.* ................................................................................................................. 1
  § 52 ............................................................................................................................. 1
  § 52(a) ......................................................................................................................... 8
  Unruh Act ................................................................................................................. 1, 9

**Other Authorities**

14A Fed. Prac. & Proc. Juris § 3702 (4th ed.) ............................................................. 3, 7

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

On April 30, 2019, Plaintiff Roy Rios, ("Plaintiff") filed this action in the Superior Court of California for County of Orange, alleging *one* cause of action arising solely under California state law against Defendant Hanesbrands, Inc. ("Defendant") for violation of California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §51, *et seq*. (Dkt. No. 1, Ex. A ["Cmpl."].)

Defendant offers its commercial website, *www.maidenform.com* (the "Website"), which provides a breadth of information concerning Defendant's products and other amenities and services, privileges, advantages, and accommodations. (Cmpl. ¶ 4, 15.) Defendant's policy and practice is to deny blind users, including Plaintiff, of full and equal enjoyment and access to the Website. (*Id.*, ¶ 16.) Due to Defendant's failure and refusal to remove the access barriers on the Website, Plaintiff and other blind and visually impaired individuals have been denied full and equal enjoyment of, and access to, Defendant's services, advantages, privileges, and accommodations offered to the public through its Website. (*Id*.) These access barriers prevent blind individuals from freely navigating Defendant's website and are pervasive. (*Id.*, ¶¶ 17-20.)

Defendant's actions constitute discrimination against Plaintiff on the basis of disability in violation of the Unruh Act because Defendant constructed a website that is inaccessible to Plaintiff, maintains the website in this inaccessible form, and has failed to take adequate actions to correct these barriers even after being notified of the discrimination these barriers cause. (Cmpl. ¶ 24.)

Plaintiff seeks statutory minimum damages pursuant to California Civil Code § 52, injunctive relief requiring Defendant to bring its website into compliance with the Unruh Act, attorney's fees, and costs. Plaintiff disclaims federal jurisdiction based on his sole cause of action arising under California state law, and additionally by alleging that he "**expressly limits the total amount of recovery, including statutory damages,**

**attorneys' fees and costs, and the cost of injunctive relief not to exceed $74,999**." (Cmpl. ¶ 28, Prayer ¶ 2-4) (emphasis added.)

On June 7, 2019, Defendant improperly filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446 on the alleged grounds that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000. (Dkt. No. 1, ¶ 3.)

The Notice of Removal is improper because Defendant fails to provide, by a preponderance of admissible evidence, that it conducted a reasonable inquiry and investigation showing that the amount in controversy exceeds the jurisdictional limit of this Court. 28 U.S.C. § 1446(c)(2)(B). It does not.

In addition, Plaintiff requests recovery of fees against Defendant and its counsel, Loeb & Loeb, LLP, in the amount of $6,125 because removal was not objectively reasonable and not supported by a reasonable inquiry. 28 U.S.C. § 1447(c).

## II. ARGUMENT

### A. Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).) "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal**." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added.) "The strong presumption against removal jurisdiction means that . . . the court resolves *all* ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed) (emphasis added.) The removal statute "is strictly construed and federal jurisdiction must be rejected if there is <u>any doubt</u> as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added.)

### B. This Action Is Not Properly Removable Under 28 U.S.C. § 1332(a)(1)[1].

Plaintiffs are "master[s] of [their] complaint." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris § 3702 (4th ed.); 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), ***the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy***….") (emphasis added).

Here, there is no diversity jurisdiction, as Plaintiff's allegations, damages sought, and prayer explicitly limit the collective value of the recovery sought to $74,999. (Cmpl. ¶ 28, Prayer 2, 4.) As discussed below, the authority for this conclusion is legion.

### 1. U.S. Supreme Court Case Authority.

The Supreme Court has made clear that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S. Ct. 1345, 1350, (2013) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove")). The Supreme Court reiterated this rule in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'")

---

[1] Plaintiff concedes there is diversity of citizenship between the Parties pursuant to 28 U.S.C. § 1332(c). Plaintiff only challenges the alleged amount in controversy.

"**If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading *shall* be deemed to be the amount in controversy**." 28 U.S.C. § 1446 (c)(2) (emphasis added); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (recognizing "the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith." (citations omitted)).

This general rule comports with the United States Supreme Court's recognition that "[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (citing Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 Har. L. Rev. 483, 510 (1928)).

### 2. Ninth Circuit Authority.

The Ninth Circuit has followed binding Supreme Court precedent by reiterating that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). There is a good faith requirement, but subject to that a plaintiff has the "prerogative ... to forgo a potentially larger recovery to remain in state court." *Id*.

In *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997), the Ninth Circuit again followed the rule stating that, "[t]he plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand." (citing 14A Wright, Miller & Cooper § 3702 at 22). In *Singer*, the Ninth Circuit interpreted its prior decision in *Gaus v. Miles, Inc*., 980 F.2d 564 (9th Cir. 1992) as

follows, "We understand *Gaus* to mean that where the plaintiff does not claim damages in excess of $50,000 and the defendant offers "no facts whatsoever" to show that the amount in controversy exceeds $50,000, then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." *Singer*, 116 F.3d at 376 (citing *Gaus*, 980 F.2d at 567). *Gaus* was decided at a time when the amount in controversy requirement was satisfied if it was in excess of $50,000.

### 3. District Courts In This Circuit Also Follow This Rule Entitling Plaintiff to Limit the Damages, Thereby Defeating Diversity Jurisdiction.

In *Stelzer v. CarMax Auto Superstores California, LLC*, 2013 WL 6795615, *4 (S.D. Cal. 2013), the district court held that the plaintiff has prerogative to forego potentially larger recovery to remain in state court, subject to good faith requirement, stating:

> "If [Plaintiff] actually stipulated to some amount in controversy less than $75,000, that may simplify matters here.") (citing *Standard Fire*).
> "With respect to the attorney's fees, it is unsettled in the Ninth Circuit whether fees incurred after the date of removal are included in the amount in controversy. The Court is inclined to take the position that they're not."

*Stelzer*. at *6 (citing *Wastier v. Schwan's Consumer Brands*, 2007 WL 4277552 at *3 (S.D. Cal. Dec. 5, 2007)). The court calculated the pre-remand attorneys' fees amount as $600 based on the time it would take to draft a complaint and a demand letter as only requiring 1-3 hours. *Id.*; *see also*, *Brealey v. Cox Communications*, 2010 WL 1727854, *2 (S.D. Cal. 2010) (plaintiff did not ask for punitive damages, so they cannot be included in amount in controversy calculation); *Forever Living Products U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 985 (D. Ariz. 2006) ("the United Supreme Court has stated that if a Plaintiff does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the

Defendant cannot remove."); *Ecker v. Ford Motor Co.*, 2002 WL 31654558, at *2 (C.D. Cal. 2002) (defendant cannot add punitive damages to amount in controversy requirement because plaintiff did not seek punitive damages in complaint; plaintiff's request for "other relief as Court may deem just and proper" is not sufficient to indicate request for punitive damages).

Indeed, just this month the Honorable Dale S. Fischer remanded a *nearly identical action* where the amount in controversy was expressly limited not to exceed $74,999 to the Superior Court of California due to improper and unsupported removal:

> "The face of Plaintiff's original state-court complaint specifically limits Plaintiffs' recovery to $74,999, including the cost of complying with any injunctive relief. Dkt. 1 (Compl.), Prayer ¶¶ 2-4.
>
> "Defendant argues that Plaintiffs cannot limit the amount in controversy when the cost of injunctive relief could exceed $75,000. See Opp'n at 4….
>
> "Here, [] Defendant has not submitted *any* evidence as to how much it would cost to make its website compliant. Nor is Plaintiffs' Complaint self-contradictory, it clearly and consistently limits any potential recovery to $74,999. Plaintiffs are masters of their Complaint and may limit their potential recovery. Defendant has failed to meet its burden to show that this Court has diversity jurisdiction."

*Licea, et al., v. Vita Liberata USA LLC, et al.*, 2019 WL 2448207, at *1–2 (C.D. Cal., June 12, 2019). Just like in *Vita Liberata*, Defendant here has provided *no evidence* tending to indicate the amount in controversy exceeds the express limitation pleaded by Plaintiff and as such, Defendant has not met its burden.

### 4. Treatises Also Make Clear That the Plaintiffs Are the Masters of Their Complaint and May Limit Damages to Defeat Removal.

"Under well-settled principles of pleading, the plaintiff is the master of the statement of his claim. Thus, for example, as the judicial precedents make clear, if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint,

absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702 (4th ed. 2011). "Because the plaintiff is deemed the master of his or her complaint, if the state court pleading asks for less than the applicable federal amount in controversy, subject matter jurisdiction generally is absent even though the underlying claim actually may be of a value exceeding the statutory minimum." *Id*. at § 3702.1.

"If the state court complaint specifically seeks 'less' than $75,000, removal on the basis of diversity will not be allowed unless the amount sought was stated in bad faith (or if it includes nonmonetary relief that would be add to satisfy the jurisdictional minimum)." The Rutter Group, Federal Civil Procedure Before Trial ¶ 2:2385 (2018). "Defendant would have a particularly heavy burden in such situations, likely needing to show the amount pleaded was falsely or incompetently set forth." *Id*. (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409-10 (5th Cir. 1995)).

**C.    Defendant Bears the Burden In Overcoming the Presumption That Plaintiff May Disclaim Federal Jurisdiction.**

If a plaintiff's express claim is limited to less than the minimum jurisdictional sum, the defendant's "**burden of proof [to prove that jurisdiction exists] must be a *heavy* one**." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added).

"Where a complaint is *unclear or ambiguous about the amount in controversy*, the court applies a *preponderance of the evidence standard* that requires the removing defendant to establish that it is more likely than not that the amount in controversy requirement is settled." *Rindels v. Tyco Integrated Sec., LLC*, No. CV 14-6536 RSWL CWX, 2015 WL 469013, at *2 (C.D. Cal. Feb. 4, 2015) (emphasis added) (citing *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007) and *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).)

Indeed, district courts have regularly granted requests for remand where the plaintiff set forth the amount in controversy as below the $75,000 threshold. *See, e.g., Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) **("[P]laintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000.** While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess of $75,000, plaintiffs are still entitled to disclaim any intent to fashion this sort of relief.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1983) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") (emphasis added); *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *12 (C.D. Cal. Oct. 31, 2014) (granting request for remand and finding "the amount in controversy is measured by the damages each plaintiff seeks").

Here, Plaintiff set forth one cause of action based exclusively upon California law and sought statutory damages pursuant thereto (*i.e.*, not actual damages). Cal. Civ. Code § 52(a). As such, Plaintiff's action presents solely state law-related questions of law and fact. What is more, Plaintiff clearly, unambiguously, and specifically limited the amount they are entitled to recover, including requested injunctive relief, in good faith to no more than $74,999. (Cmpl., ¶ 28, Prayer 3.) In response, Defendant offers purely speculative and conjectural alleged amounts in controversy that improperly "reflect a 'bold optimistic prediction' rather than a reasonable estimate of plaintiff's claims." *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal., Aug. 28, 2014) (citing *Sabine v. Aaron Brothers, Inc.*, CV173177DSFAGRX, 2017 WL 7806596, at *2 (C.D. Cal. July 11, 2017)).

    **1. Defendant's Argument Regarding The Amount of Plaintiff's Statutory Damages Is Speculative and Improper.**

Without any basis therefor, Defendant contends that Plaintiff could *potentially* recover statutory damages in excess of the statutory minimum based on pure speculation ["$4,000 per alleged violation 'for each and every offense' pursuant to the UCRA, while failing to allege any specific number of purported [statutory] violations . . . [t]his provision conflicts to the extent that Plaintiff alleges more violations than the number which would be sufficient to keep damages under the $74,999 figure"], despite Plaintiff expressly limiting his recovery. (Dkt. No. 1 at 3:8-11.) Defendant's admitted speculative calculation regarding the number of statutory violations also lacks any factual support from the Complaint, the aid of *any* evidence, or any citation to authority for a $75,000-plus statutory damages award. Although Plaintiff does not seek to limit his recovery of statutory damages at this premature stage, as far as he is aware, in the only two website accessibility cases where statutory damages were awarded pursuant to the Unruh Act, the plaintiffs were limited to a $4,000 statutory damages recovery. *Thurston v. Midvale Corporation,* No. BC663214 (L.A. Sup. Ct., May 21, 2018); *Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, No. CIVDS1504682 (San Ber. Sup. Ct., Mar. 21, 2016) (RJN, Exhibits A and B). As such, Defendant has no basis in the pleadings or evidence for its absurdly speculative statutory damages calculation that could exceed $74,999, which wholly fails to meet the preponderance of the evidence standard. 28 U.S.C. § 1446(c)(2)(B).

### 2. Defendant Fails to Provide Any Evidence of the Cost of Compliance with Plaintiff's Request for Injunctive Relief.

In support of its Notice of Removal, Defendant next offers a conclusory statement that "[t]he nature of the injunctive relief sought – i.e., to require the remediation of an allegedly inaccessible website – is such that the injunctive relief, if ordered (and warranted, which Defendant does not in any manner concede), would require more than $20,000, or even $75,000, to effectuate." (Dkt. No. 1 at 3:24-28.) However, Defendant provides no evidence of the estimated cost of compliance with the injunctive relief sought. Thus, Defendant has not met its burden in overcoming Plaintiff's explicit request

for relief. *Gaus v. Miles, Inc.*, *supra*, 980 F.2d at 566 ("**If it is *unclear* what amount of damages the plaintiff has sought, ... then the defendant bears the burden of actually proving the facts to support ... the jurisdictional amount**." (emphasis in original)). This lack of any evidentiary support does not meet Defendant's heavy burden and cannot overcome the Court's obligation to strictly construe *against* removal. *Sullivan*, *supra*, 813 F.2d at 1371; *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). Further, based on what Defendant provided to the Court in support of removal, there is far from "any doubt as to the right of removal in the first instance." *Gaus*, *infra*, at 566.

The cases relied on by Defendant are inapposite and do not stand for the proposition that mere speculation of Plaintiff's damages or costs of compliance with an injunction can satisfy Defendant's burden of proving the facts to support the jurisdictional amount. The case, *BEM I, L.L.C. v. Anthropologie Inc.*, 301 F.3d 548 (7th Cir. 2002), is particularly distinguishable because there it was *undisputed* that the plaintiff's damages were *at least* $88,000 before the case was removed. Moreover, the Court noted that "[h]ad BEM wanted to make sure that its stake was less than $75,000, it should have stipulated to that effect." *BEM I*, 301 F.3d at 552 (citing *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir.2000)). Here, Plaintiff has made clear that all damages, including statutory damages, attorney's fees and costs, and the cost of injunctive relief will not exceed $74,999. (Cmpl., ¶ 28.)

Defendant's reliance on the class action, *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599 (7th Cir. 1997) is also unhelpful. There, the court noted that the allegations that the damages sought by each member of the class of plaintiffs alleging damages did not exceed $50,000 [the jurisdictional amount] was plausible and that "plausible or not, a plaintiff can always stay under the minimum amount in controversy by waiving his right to more." 123 F.3d at 607. The court also made clear that the defendants "have the burden of establishing federal jurisdiction when they seek to remove a case from state to federal court, and so they must present evidence of federal jurisdiction

once the existence of that jurisdiction is fairly cast into doubt." *Id.* (citations omitted.) Here, Defendant has submitted <u>no evidence</u> of the amount in controversy exceeding $74,999 as alleged by Plaintiff.

Thus, again, Defendant has not met its burden in overcoming Plaintiff's explicit request for relief. *Gaus v. Miles, Inc., supra*, 980 F.2d at 566 (**"the defendant bears the burden of actually proving the facts to support ... the jurisdictional amount**." (emphasis in original)). This lack of any evidentiary support does not meet Defendant's heavy burden and cannot overcome the Court's obligation to strictly construe *against* removal. *Sullivan*, 813 F.2d at 1371; *Libhart,* 592 F.2d at 1064. Further, based on what Defendant provided to the Court in support of removal, there is far from "any doubt as to the right of removal in the first instance." *Gaus*, at 566. As a result, remand is appropriate and required.

### III.    PLAINTIFF SHOULD BE AWARDED HIS COSTS FOR THIS MOTION.

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, Defendant lacked an objectively reasonable basis for removal of this action. Defendant offered no authenticated, supported, foundational evidence for its speculation on the amount in controversy, or controlling legal authorities – thus failing to have any reliable support for its removal. In sum, Defendant's removal was not objectively reasonable, and Plaintiff should be awarded his fees in the amount of $6,125 for having to bring this motion. (Ferrell Decl., ¶ 3.)

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Orange, award him attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate.

Dated: June 14, 2019

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: /s/Scott J. Ferrell
Scott J. Ferrell
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell